IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00591-RM-SKC

ERIC WOLFF,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO STAY ALL DISCOVERY

---

Magistrate Judge S. Kato Crews

    This matter comes before the Court on Defendant's Motion to Stay All Discovery [ECF. # 48] having been referred to this Court by Judge Raymond P. Moore's Memorandum dated August 27, 2018 [ECF. # 49]. The Court has carefully considered the Motion, the entire case file, and the applicable law. For the following reasons, the Court DENIES Defendant's Motion.

    Eric Wolff ("Plaintiff") was an employee of United Airlines, Inc. ("Defendant"). [ECF. # 27 ¶ 8.] Plaintiff brings claims of negligent and intentional misrepresentation, fraudulent concealment, and breaches of implied contract and/or quasi-contract stemming from circumstances surrounding the termination of Plaintiff's employment. [*Id.* at ¶ 1.] Defendant filed a motion to dismiss [ECF. # 29] which is currently pending before the Court pursuant to the referral memorandum [ECF. # 30]. Subsequently, Defendant filed this Motion, which Plaintiff opposes.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to make any order necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> [the Court] may weigh the following interests: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC, v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Considering these factors, the Court concludes that stay of discovery in this case is not warranted.

Here, Defendant requests a stay of discovery that could delay the proceedings for an unknown period of time. Such a delay may significantly impact Plaintiff's right to pursue his case and vindicate his claim expeditiously. This is especially true when the stay is requested, in part, to await the potential filing of an amended complaint, which by his opposition to this Motion, does not seem a foregone conclusion. In the Court's view, halting all discovery to await a filing -- that Plaintiff is under no obligation to file – would be premature. Such a stay is certainly not in the interests of Plaintiff in proceeding expeditiously. Additionally, the attendant delay is likely to prejudice Plaintiff, as indicated by Plaintiff's opposition to this Motion. Furthermore, the pending motion to dismiss does not necessitate staying discovery. *See Roueche v. U.S.*, No. 09-cv-00048-WDM-BNB,

2

2010 WL 420040, at *2 (D. Colo. Feb. 1, 2010) (noting that motions to dismiss are, statistically speaking, more likely to be dismissed, and consequently, "it is more likely than not" that "a delay pending a ruling on the motion to dismiss would prove unnecessary").

The Court finds no special burden to Defendant here. In most cases, discovery is a burden borne equally by both parties as a necessary consequence of our judicial system and the rules of civil procedure. Finally, the general interests of controlling the Court's docket and the fair and speedy administration of justice require that the Motion to Stay be DENIED.

Accordingly,

IT IS ORDERED that the Motion to stay is DENIED.

DATED at Denver, Colorado, this 19th day of September 2018.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge
District of Colorado