IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-00591-RM-SKC

ERIC WOLFF,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant

---

# ORDER

---

This matter is before the Court on the "Report & Recommendation re: Motion to Partially Dismiss the Second Amended Complaint [#71]" (the "Recommendation") (ECF No. 126) of United States Magistrate Judge S. Kato Crews which recommends Defendant's Motion to Partially Dismiss (the "Motion") (ECF No. 71) be granted in part and denied in part. Plaintiff filed an objection to which Defendant filed a response. Defendant filed an objection to which Plaintiff did not respond and the time to do so has expired. Upon consideration of Recommendation, the relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

**I.    BACKGROUND**

The Court finds no party made any specific objections to the Recommendation's recitation of the background of this case and any general objection to "all" findings is insufficient. Moreover, the Court has reviewed the operative Second Amended Complaint

("SAC") and agrees with the background recited. Accordingly, it is adopted and incorporated herein. Nonetheless, the Court provides a brief summary and discusses additional allegations as necessary in this Order to address specific objections which have been made.

Briefly, Plaintiff worked for Defendant for 17 years and was then terminated with the stated reason as arriving to work late and departing early without authorization. The stated reason, however, was allegedly false or exaggerated. Instead, Plaintiff claims, he was terminated in retaliation for complaining about discrimination as any lateness and early departures were approved by Defendant's managers. Indeed, Plaintiff alleges Defendant promised employees they would not be retaliated against for registering complaints. Such promises were allegedly made orally and contained in the "Working Together Guidelines" (hereafter, "Handbook"). Plaintiff further alleges that, on the date he was terminated, Defendant promised Plaintiff could file an internal appeal of his termination, Plaintiff filed an appeal, but Defendant reneged on such promise in failing to process the appeal.

Based on such alleged conduct, Plaintiff filed this action asserting six claims for relief. Defendant moved to dismiss claims three through six: breach of implied and/or quasi contract (third claim); estoppel (fourth claim); fraud[1] (fifth claim); and negligent misrepresentation (sixth claim). The Magistrate Judge recommended dismissing all claims except for Plaintiff's promissory estoppel claim based on Defendant's promise of an internal appeal of his employment termination which Plaintiff alleges was never processed. The parties' objections followed.

---

[1] The claim is titled "misrepresentation" and alleges "negligent and intentional" misrepresentations. The Magistrate Judge construed the claim as one for fraud to which Plaintiff did not object. Accordingly, and because the sixth claim is for negligent misrepresentation, the Court does so as well.

## II. LEGAL STANDARD

### A. Objections to Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Motions to Dismiss

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555 (quotation omitted).

## III. ANALYSIS

### A. Defendant's Objection

Defendant objects to the Recommendation's finding that Plaintiff has plausibly pled a promissory estoppel claim based on the promise of an internal appeal. In order to state a claim for promissory estoppel, Plaintiff must plausibly allege: (1) a promise; (2) which the promisor

should reasonably have expected would induce action or forbearance by the promisee; (3) reasonable detrimental reliance by the promisee; and (4) enforcement is required to prevent injustice. *Marquardt v. Perry*, 200 P.3d 1126, 1129 (Colo. App. 2008).

Defendant's arguments in support of its objection is two-fold. First, Defendant contends Plaintiff's allegations – upon which the Magistrate Judge relied – misrepresented what was said during the termination meeting, i.e., what was promised and, thus, what reasonable reliance required.[2] Second, Defendant asserts the Magistrate Judge misread an allegation regarding Plaintiff's detrimental reliance. The Court considers and, on this record, rejects each argument in turn.

*Alleged Misrepresentation*. The issue of a misrepresentation of the promise was not raised before the Magistrate Judge. It is well established in the Tenth Circuit that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Comms, Inc. v. Biamp Systems*, 653 F.3d 1163, 1185 (10th Cir. 2011) (brackets in original) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir.1996)). Defendant apparently seeks to save this issue by arguing, in a footnote, it did not receive a copy of the recording Plaintiff made of the termination meeting until January 16, 2019, *after* its Motion was filed. Even if that was so, Defendant offers no explanation why it failed to move to supplement its filings as it had months to do so before the Magistrate Judge made his recommendation. As such, the Court will not consider it now.

*Alleged Misreading*. The Magistrate Judge found plausible that Plaintiff suffered

---

[2] Plaintiff alleged Defendant stated during the meeting he could appeal by writing to human resources but Plaintiff's recording of the meeting shows he was to write to "human resources *and Steve Jacquith.*" There are no allegations, however, that Plaintiff wrote to Mr. Jacquith.

4

detrimental reliance based on allegations that he delayed seeking alternate employment while awaiting a decision on his appeal. Defendant argues Plaintiff made no such allegation in his SAC. The Court agrees that the specific language used in the Recommendation is not found in the SAC. Nonetheless, construing the allegations in the light most favorable to Plaintiff, they are sufficient to support that Plaintiff delayed seeking work elsewhere while he waited for a decision on his appeal. Specifically, Plaintiff alleged:

> Plaintiff reasonably relied on the aforesaid promises [of no retaliation and an internal appeal] to his detriment also *by not seeking work elsewhere* and not resigning from the corporation. Moreover, he detrimentally relied on the above aforesaid promises *by patiently and loyally awaiting the processing of his internal appeal after his termination*.

(ECF No. 70, ¶ 53 (emphasis added).) Accordingly, Defendant's objection is overruled.

### B. Plaintiff's Objection

Plaintiff raises a number of objections, all of which are far from a model of clarity. At the outset, the Court rejects, outright, Plaintiff's sweeping, non-specific objections, such as his argument that the Magistrate Judge failed to view the factual allegations in a light most favorable to Plaintiff or that the Recommendation defied "common sense in the real world." (ECF No. 128, p. 2 (underscore in original).) Instead, the Court will only address those objections which were specific enough to warrant consideration.

#### 1. Deemed Admissions

The Court starts with Plaintiff's argument that Defendant failed to admit or deny certain allegations in the SAC and, therefore, the Magistrate Judge should have deemed such allegations as admitted. This argument is rejected as without merit; Defendant was not required to file an

answer to those claims, and related allegations, to which Defendant filed a motion to dismiss. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [under Rule 12(b)] *must be made before pleading* if a responsive pleading is allowed." (emphasis added)). Accordingly, any objection based on the Magistrate Judge's alleged failure to deem the allegations admitted is overruled.

### 2. Breach of Contract

The Recommendation found Plaintiff failed to plausibly allege a breach of implied contract or breach of quasi-contract of no retaliation or for an internal appeal. The Court starts with the breach of implied contract claim.

***Implied Contract***. As relevant here, to succeed on his contract theory, Plaintiff must show (1) the alleged promise was sufficiently specific so the court could understand the obligation the employer assumed and enforce the promise according to its terms; (2) the employer's actions manifested an intent to be bound; and (3) consideration. *Geras v. Int'l Business Machines Corp.*, 638 F.3d 1311, 1315 (10th Cir. 2011) (applying Colorado law); *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987).

As to the implied contract claim of no retaliation, the Magistrate Judge found (1) the alleged oral promises of no retaliation were nothing more than vague assurances; and (2) insufficient allegations of an offer made in the Handbook because it explicitly disclaims any contractual rights. As to the implied contract for an internal appeal, the Magistrate Judge found Plaintiff failed to plausibly allege an offer manifesting an intent to be bound and of any consideration as the alleged offer was made after Plaintiff was discharged and, therefore, any theory of continued employment as consideration is unavailing. Plaintiff's objection essentially

answer to those claims, and related allegations, to which Defendant filed a motion to dismiss. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [under Rule 12(b)] *must be made before pleading* if a responsive pleading is allowed." (emphasis added)). Accordingly, any objection based on the Magistrate Judge's alleged failure to deem the allegations admitted is overruled.

### 2. Breach of Contract

The Recommendation found Plaintiff failed to plausibly allege a breach of implied contract or breach of quasi-contract of no retaliation or for an internal appeal. The Court starts with the breach of implied contract claim.

***Implied Contract***. As relevant here, to succeed on his contract theory, Plaintiff must show (1) the alleged promise was sufficiently specific so the court could understand the obligation the employer assumed and enforce the promise according to its terms; (2) the employer's actions manifested an intent to be bound; and (3) consideration. *Geras v. Int'l Business Machines Corp.*, 638 F.3d 1311, 1315 (10th Cir. 2011) (applying Colorado law); *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987).

As to the implied contract claim of no retaliation, the Magistrate Judge found (1) the alleged oral promises of no retaliation were nothing more than vague assurances; and (2) insufficient allegations of an offer made in the Handbook because it explicitly disclaims any contractual rights. As to the implied contract for an internal appeal, the Magistrate Judge found Plaintiff failed to plausibly allege an offer manifesting an intent to be bound and of any consideration as the alleged offer was made after Plaintiff was discharged and, therefore, any theory of continued employment as consideration is unavailing. Plaintiff's objection essentially

answer to those claims, and related allegations, to which Defendant filed a motion to dismiss. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [under Rule 12(b)] *must be made before pleading* if a responsive pleading is allowed." (emphasis added)). Accordingly, any objection based on the Magistrate Judge's alleged failure to deem the allegations admitted is overruled.

### 2. Breach of Contract

The Recommendation found Plaintiff failed to plausibly allege a breach of implied contract or breach of quasi-contract of no retaliation or for an internal appeal. The Court starts with the breach of implied contract claim.

***Implied Contract***. As relevant here, to succeed on his contract theory, Plaintiff must show (1) the alleged promise was sufficiently specific so the court could understand the obligation the employer assumed and enforce the promise according to its terms; (2) the employer's actions manifested an intent to be bound; and (3) consideration. *Geras v. Int'l Business Machines Corp.*, 638 F.3d 1311, 1315 (10th Cir. 2011) (applying Colorado law); *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987).

As to the implied contract claim of no retaliation, the Magistrate Judge found (1) the alleged oral promises of no retaliation were nothing more than vague assurances; and (2) insufficient allegations of an offer made in the Handbook because it explicitly disclaims any contractual rights. As to the implied contract for an internal appeal, the Magistrate Judge found Plaintiff failed to plausibly allege an offer manifesting an intent to be bound and of any consideration as the alleged offer was made after Plaintiff was discharged and, therefore, any theory of continued employment as consideration is unavailing. Plaintiff's objection essentially

raises three arguments as to this claim.

First, Plaintiff argues the promises were not merely vague assurances, repeats verbatim some of the allegations in his SAC, and argues he has sufficiently alleged the "who, what, when, where and how" to stave off dismissal. Such arguments – while simply repeating the allegations with no supporting legal authority – fail to show the alleged promises are sufficiently definite and specific to constitute an enforceable promise, i.e., that they are nothing more than vague assurances, or manifest an intent by the employer to be bound. *See Soderlun v. Public Serv. Co. of Colo.*, 944 P.2d 616, 620-621, 623 (Colo. App. 1997) (affirming dismissal where supervisors' statements were neither promissory in nature nor sufficiently definite to be capable of judicial enforcement).

Next, Plaintiff argues merely filing an appeal constitutes sufficient consideration, but such an argument was not raised before the Magistrate Judge.[3] Instead, Plaintiff argued his continued service constituted consideration and his internal appeal shows detrimental reliance. (ECF No. 74 at p. 12 at ¶ 8. P. 12 n.5.) Thus, such argument is waived. Moreover, even if considered, the claim nonetheless fails because the Complaint fails to plausibly allege an offer manifesting an intent to be bound.

Finally, Plaintiff argues the disclaimer in the Handbook was not vividly displayed; there is no document acknowledging he received the Handbook; that he alleges he never read or heard any corporate disclaimers; there is no indication that he was provided with the Handbook at all; and disclaimers may be overcome by the inconsistent representations or contradictory employment practices as alleged. Plaintiff's arguments cut both ways, none of which saves his

---

[3] Although such an allegation is contained in the SAC. (ECF No. 70 at ¶ 51.)

claim. If Plaintiff never saw or received the Handbook, it could hardly be said that he accepted an offer or detrimentally relied on any promise contained in the Handbook. Thus, to the extent Plaintiff's claim relies on alleged promises in the Handbook, it fails. And, if Plaintiff did receive the Handbook and allegedly relied on it, the alleged promise in the Handbook that he "would not be disciplined or suffer retaliation" was simply too vague and indefinite.[4] Accordingly, Plaintiff's objections as to this claim are overruled.

***Quasi-Contract.*** Unjust enrichment, also referred to as quasi-contract, "is an equitable doctrine that permits recovery when a plaintiff shows '(1) that a benefit was conferred on the defendant by the plaintiff, (2) that the benefit was appreciated by the defendant, and (3) that the benefit was accepted by the defendant under such circumstances that it would be inequitable for it to be retained without payment.'" *Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*, 821 P.2d 788, 795 (Colo. 1991) (quoting *Cablevision of Breckenridge v. Tannhauser Condo. Ass'n*, 649 P.2d 1093, 1096–97 (Colo. 1982)). The Recommendation found a claim of quasi-contract was not plausibly alleged because the SAC lacked any allegation that Defendant received a benefit for which it did not compensate Plaintiff.

Plaintiff objects to the Recommendation, arguing he did confer a benefit by continuing to be employed and working hard for about 17 years.[5] This argument misses the mark. Plaintiff alleged he conferred a benefit – working – but fails to allege Defendant retained such benefit *without payment*. Accordingly, Plaintiff's objection is overruled.

***Promissory Estoppel.*** As stated above in discussing Defendant's objection, to state a

---

[4] In light of this finding, the Court need not consider whether the disclaimer was effective.
[5] Plaintiff appears to also raise the same arguments to the quasi-contract claim that he made to the implied contract claim. To the extent such arguments apply, they are rejected here for the same reasons they were rejected as to the implied contract claim.

claim for promissory estoppel, Plaintiff must plausibly allege: (1) a promise; (2) which the promisor should reasonably expected would induce action or forbearance by the promisee; (3) reasonable detrimental reliance by the promisee; and (4) enforcement is required to prevent injustice. *Marquardt v. Perry*, 200 P.3d at 1129. Moreover, any promise must be sufficiently definite and not merely a description of the employer's present policies. *Geras*, 638 F.3d at 1315 (citing *Soderlun*, 944 P.2d at 620).

The Recommendation found Defendants' alleged no-retaliation promises were nothing more than a description of its then-existing policies, i.e., not a promise.[6] Plaintiff's objection argues about detrimental reliance and does nothing more than recite his allegations – allegations which are not sufficiently definite and fail to show an employer would have reasonably expected an employee to consider such promises to be a commitment. Accordingly, the objection is overruled.

### 3. False Representation

In order to state a claim for false representation, Plaintiff must plausibly allege, among other things, that Defendant made a false representation of a past or present fact. CJI-Civ 19:1 (4th ed. 2019). "A false representation of a past or present fact is any words or conduct which creates an untrue or misleading impression of the actual past or present fact in the mind of another." *Nelson v. Gas Research Inst.*, 121 P.3d 340, 343 (Colo. App. 2005) (citation, internal quotation marks, and brackets omitted). "Fraud cannot be predicated upon the mere non-performance of a promise or contractual obligation,…or upon failure to fulfill an agreement to

---

[6] The Recommendation also found the alleged promise in the Handbook contained insufficient promissory intent due to the disclaimer in the Handbook that it is not a contract. Because the Court agrees the SAC fails to plausibly allege a promissory intent or a commitment by Defendant, the Court finds it need not reach this additional basis for dismissal.

do something at a future time." *State Bank of Wiley v. States*, 723 P.2d 159, 160 (Colo. App. 1986).[7]

The Recommendation found Plaintiff failed to allege any false representation beyond or different from the various promises or contractual obligations he alleges Defendant failed to perform. Plaintiff's objection that he met all of the elements consists of a single – albeit lengthy – sentence which fails to show how or why this recommendation was wrong. If anything, Plaintiff's assertion that Defendant allegedly reneged on its promises supports the Recommendation. Further, cursory references of false pretenses and the like without allegations that any representations were of a past or present fact *and* that Defendant knew they were so or was aware it did not know whether they were true or false, CJI-Civ 19:1, are insufficient to plausibly allege a claim of false representation. Thus, Plaintiff's objection cannot be sustained.

### 4. Negligent Misrepresentation

The Recommendation found Plaintiff's allegations insufficient because he did not sufficiently allege that Defendant made false statements as opposed to having made stated promises it failed to keep. The Recommendation also found any allegations of "false promises" were conclusory.

Plaintiff's objection conflates the two misrepresentation claims, failing to show why the Recommendation should be rejected. The Court's review shows Plaintiff's claims are premised on false promises which he contends Defendant failed to keep (ECF No. 70, e.g., ¶¶ 2, 28, 30-35), rather than any misrepresentation of material facts by Defendant made without reasonable

---

[7] A promise concerning a future act can be an actionable fraud when coupled with a present intention not to fulfill the promise, *Nelson*, 121 P.3d at 343, but Plaintiff makes no such allegations or arguments here.

care to guide Plaintiff's actions. *See Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011) (setting forth elements of claim). Moreover, as the Recommendation found, allegations such as Defendant "negligently gave false and material information to the plaintiff" (ECF No. 70 at ¶ 82) are conclusory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (quotation marks and citation omitted)). Thus, the objection is overruled.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS**

(1) That Plaintiff's Objection (ECF No. 128) is OVERRULED;

(2) That Defendant's Objection (ECF No. 129) is OVERRULED;

(3) That the Recommendation (ECF No. 126) is ACCEPTED and ADOPTED as an Order of the Court; and

(4) That Defendant's Motion to Partially Dismiss (ECF No. 71) is GRANTED IN PART and DENIED IN PART as stated herein.

DATED this 9th day of March, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge